```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

THE ESTATE OF DR.              :   CIVIL ACTION
RICHARD LIEBERMAN,             :   NO. 14-3393
                               :
        Plaintiff,             :
                               :
    v.                         :
                               :
PLAYA DULCE VIDA, S.A.,        :
                               :
        Defendant.             :
```

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                              JANUARY 9, 2023

I.  **INTRODUCTION & BACKGROUND**

The Estate of Dr. Richard Lieberman ("Plaintiff") brought this action against Defendant Playa Dulce Vida, S.A. ("PDV"), a Costa Rican corporation. Following a five-day jury trial, the jury returned a verdict in favor of Plaintiff in the amount of $2,468,699. Thereafter, the Court entered judgment in favor of Plaintiff in the amount of the verdict.

After considering Defendant's post-trial motions, the Court reduced the judgment award to $1,777,075.08 on July 26, 2022. On August 19, 2022, PDV filed a notice of appeal. The Court denied Plaintiff's motion for stay by bond or other security. Plaintiff now seeks a post-judgment charging order against PDV pursuant to

15 PA. CONS. STAT. § 8853. See Pl.'s Mot., ECF No. 244. As explained below, Plaintiff's motion will be denied.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 69(a)(1) provides that "[t]he procedure on execution--and in proceedings supplementary to and in aid of judgment or execution--must accord with the procedure of the state where the court is located. . . ." Thus, Pennsylvania procedural rules covering execution apply.

The Pennsylvania Uniform Limited Liability Company Act of 2016 (the "PULLCA"), 15 PA. CONS. STAT. § 8853(a), allows a judgment creditor to obtain a charging order against a judgment debtor's transferable interest in a limited liability company to the extent of the unsatisfied amount of the judgment. As Judge Savage explained:

> The statutory definitions show how the process works. A "transferable interest" is the right to receive distributions from the company. 15 Pa. C.S. §8812. It is personal property. 15 Pa. C.S. § 8851(a). A "distribution" is a "transfer of money or other property . . . by a limited liability company to a person on account of a transferable interest." 15 Pa. C.S. § 8812. "A transferee has the right to receive, in accordance with the transfer, distributions to which the transferor would otherwise be entitled." 15 Pa. C.S. § 8852(b).

Steamfitters Union, Loc. 420 Welfare Fund v. Direct Air, LLC, No. 18-cv-1611, 2020 WL 6131163, at *2 (E.D. Pa. Oct. 19, 2020) (footnote omitted). Thus, "[t]he charging order constitutes a lien on the member's transferable interest and requires the

2

limited liability company to pay over to the judgment creditor 'any distribution that otherwise would be paid to the judgment debtor.'" Id. (quoting 15 PA. CONS. STAT. § 8853(a)).

**III. DISCUSSION**

In this action, it was established that PDV is a Sociedad Anonima (anonymous society) or an "S.A." formed under Costa Rican law. See David Callan Decl. ¶¶ 2,5 (ECF No. 47) ("[PDV] is a sociedad anónima or corporation organized and exi[s]ting under the laws of Costa Rica. . . . PDV owns and operates the Arenas Del Mar Beachfront and Rainforest Resort (the "Resort") located at Manuel Antonio, Quepos, Puntarenas Costa Rica").

There are two types of Costa Rican corporations, the S.A. and the Sociedad de Responsibilidad Limitada (the "S.R.L."). Although Plaintiff argues that an S.A. is akin to an American Limited Liability Company ("LLC"), courts have treated foreign anonymous societies or S.A.'s like American corporations. See Eurofins Pharma U.S. Holdings v. BioAlliance Pharma SA, 623 F.3d 147, 152 n. 2 (3d Cir. 2010) (finding a French "société anonyme" designates a corporation); Pittway Corp. v. United States, 88 F.3d 501, 502 (7th Cir. 1996) (explaining that the "S.A." or "societe anonyme" is a business form "roughly equivalent to a U.S. corporation"); Twohy v. First Nat'l. Bank of Chicago, 758 F.2d 1185, 1194-95 (7th Cir. 1985) ("[T]he Spanish corporation, or 'sociedad anónima' (S.A.) (more correctly referred to in

3

English as a 'joint stock company'), is similar in all major respects to a United States corporation." (citations and quotations omitted)). The United States Treasury Department also recognizes a Costa Rican S.A. as a "per se" corporation for tax purposes. See Treas. Reg. § 301.7701-2(b)(8). Because a S.A. is more akin to a corporation than to an LLC, Plaintiff's reliance on the PULLCA, which allows a judgment creditor to obtain a charging order against a judgment debtor's transferable interest in a <u>limited liability company</u>, is misplaced, and the motion will be denied for that reason.

Moreover, assuming, arguendo, that an S.A. is the equivalent of an LLC, Plaintiff's request for a "charging order pursuant to 15 Pa. C.S. § 8853 against Defendant with respect to PDV" is improper as the request seeks to impose the charging order on PDV itself rather than on PDV's interest in an LLC. See Pl.'s Mot., ECF No. 244 at 8; 15 Pa. Cons. Stat. § 8853 (providing that a judgment creditor to any <u>member</u> of a limited liability company may obtain a charging order against the <u>member's interest</u> in the company). Because it appears that Plaintiff's motion seeks a charging order against the LLC itself, as opposed to a member's interest in the LLC, the motion will be denied.

## IV. CONCLUSION

As explained above, Plaintiff's motion for a charging order will be denied because Defendant PDV is not an LLC as required

4

for relief under 15 Pa. Cons. Stat. § 8853. Even if PDV were to be treated as an LLC, Plaintiff's motion will be denied because it seeks a charging order against the LLC itself, not a member's interest in an LLC as set forth by 15 Pa. Cons. Stat. § 8853.

    An appropriate order follows.